OPINION OF THE COURT
Herbert Kramer, J.
The owner of the equity of redemption in the underlying foreclosure proceeding moved this court to confirm the report of the referee to sell and for the appointment of a referee in a surplus money proceeding.[1] The motion was marked “Submitted No Opposition.” It appears from the report of sale that the referee to sell retained or otherwise received a sum of $1,250. There is no judicial order in the court file approving the fee pursuant to CPLR 8003 (b).
CPLR 8003 determines the mechanism for payments made to referees.[2] The referee appointed to sell real property is limited to a fee of $500 unless the property sold for $50,000 or more. If such is the case, the referee may receive more than $500 in compensation but must seek court approval for any additional fee over $500. (CPLR 8003 [b].)
Where there are no surplus monies, the consent of the referee and the plaintiff to an additional fee, together with an order of the court, is sufficient. This court thus holds that the referee to sell in the instant proceeding must return forthwith all sums he received above the $500 maximum for his duties in connection with the sale of this property unless a motion for court approval of such sum is made.
*563 Moreover, where there are surplus monies, as in the case at bar, the monies received by referees to sell beyond $500 will affect the amount of money available for the recipients of surplus monies. Thus, parties entitled to a notice of proceedings of surplus monies must be given notice in the referee’s motion for court approval of additional fees and this court so holds.
RPAPL 1361 sets forth the procedure for surplus monies. The owner of the equity of redemption or any party who has appeared or any person who files a notice of claim or who has a recorded lien shall be given notice to attend a hearing on the disposition of surplus monies.
Funds received by the referee beyond $500 may also be in excess of the reporting exemption under part 36 of the Rules of the Chief Judge (22 NYCRR part 36). All referees who receive funds in excess of the $550 exemption must report payment in accordance with part 36 of the Rules of the Chief Judge.
To review, a referee must obtain judicial approval in all cases for monies over $500 for auction, sale and closing. Additionally, where there are surplus monies, a notice of motion for additional fees must include all parties entitled to notice under section 1361.
This court notes that the affidavit supporting this motion has not been signed. Had the affidavit been signed, this court would have been able to resolve the application as follows: a referee would have been appointed to conduct the surplus money proceeding. However, the report of sale of the referee to sell would not have been confirmed until compliance with the procedures outlined above was demonstrated. However, this court cannot make such decision upon the motion as submitted with its defects. Accordingly, permission is granted to resubmit this motion with an appropriately amended report of sale.

. Surplus money proceedings, once rare, have burgeoned and, based upon the submissions received by the court, it has become apparent that the broad dissemination of information concerning the interplay of statutes and rules governing fees is necessary.

. “§ 8003. Referees
“(a) Generally. A referee is entitled, for each day spent in the business of the reference, to fifty dollars unless a different compensation is fixed by the court or by the consent in writing of all parties not in default for failure to appear or plead.
“(b) Upon sale of real property ... A referee’s compensation, including commissions, upon a sale pursuant to a judgment in any action cannot exceed five hundred dollars, unless the property sold for fifty thousand dollars or more, in which event the referee may receive such additional compensation as to the court may seem proper.
“(c) This section shall not apply to judicial hearing officers who have been designated referees.” (Emphasis added.)